# Woods *v.* Heron, Appellant.

*Broker—Real Estate Broker—Commissions—Licenses.*

A person suing for commissions on a sale of real estate will not be barred from recovery by reason of not having had a broker's license where there is no evidence that he was doing business as a real estate broker at the date of the contract set up by him, and it appears that the contract was a special one for the sale of a particular piece of real estate.

Argued Oct. 18, 1910. Appeal, No. 41, Oct. T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third T., 1907, No. 133, on verdict for plaintiff in case of William L. Woods v. John B. Heron, Jr. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover commissions for sale of real estate. Before CARNAHAN, J.

The facts appear in the opinion of the Supreme Court.

*Errors assigned* were various rulings and instructions of the court.

*John S. Ferguson*, for appellant.

*John P. Hunter*, with him *Walter Lyon*, for appellee.

PER CURIAM, January 3, 1911:

The subject of the controversy at the trial was the plaintiff's right to commissions for the sale of real estate. The grounds of defense to the action were that the plaintiff was a real estate broker and had not obtained a license, that he was not employed to make the sale, but was acting for a trust company in whose real estate department he was employed and that the sale was not effected through his agency or that of the company. The first ground of defense was eliminated by the court's instruction to the jury that there was not sufficient evidence to sustain a finding that the plaintiff was engaged in the business of a real estate broker, and that he could recover if he effected the sale as alleged by him. We find no evidence that he was doing business as a real estate broker at the date of the contract set up by him. The contract was a special one for the sale of a particular piece of real estate and a license was not necessary to give it validity: Chadwick v. Collins, 26 Pa. 138; Black v. Snook, 204 Pa. 119. The remaining grounds of defense gave rise to questions of fact only, and they were properly submitted. We find no merit in any of the assignments.

The judgment is affirmed.