EMIL H. MILLER, APPELLANT, v. MARY ANN MILLER ET AL., APPELLEES.

FILED JUNE 2, 1917.  No. 19954.

1. **Homestead: EXEMPTION: ALIMONY.** The liability for alimony in a divorce case is not a contract liability, and a government homestead of 640 acres, commonly called a "Kinkaid homestead," is not exempt from levy upon a judgment for alimony, under the United States statute which provides for exemption from "any debt contracted prior to the issuing of the patent therefor." Rev. St. U. S. 1878, sec. 2296.

2. ———: ———. The exemption of a homestead under our state statute is limited to 160 acres occupied as a family home.

3. **Execution:** Exemption. Property of defendant, not exempt, acquired after judgment rendered against him, may be sold upon execution to satisfy the judgment.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*E. D. Crites* and *F. A. Crites,* for appellant.

*Allen G. Fisher* and *Roscoe L. Wilhite,* contra.

SEDGWICK, J.

The defendant, Mary Ann Miller, obtained a divorce from the plaintiff in November, 1909, in the district court for Sheridan county, and a judgment for $800 alimony. In August, 1908, the plaintiff made a homestead entry on a tract of land in said county under the homestead laws of the United States, and afterwards in May, 1910, made an additional homestead entry. The two entries covered a Kinkaid homestead. In June, 1910, an execution was issued on the defendant's judgment and was returned unsatisfied in August, 1910. In August, 1911, the plaintiff intermarried with Leta Miller, with whom he has since been living as his wife, and they established their home upon one of the quarters of land above mentioned. Afterwards in October, 1914, another execution was issued, which was returned in November of that year unsatisfied for want of property. In June, 1916, a third execution was issued and was levied upon all of the said land, except the quarter section thereof upon which the residence and other improvements of the plaintiff are situated. The plaintiff then began this action in the district court for Sheridan county to enjoin the sale upon execution of the land levied upon. A temporary injunction was allowed, and afterwards upon the trial the temporary injunction was dissolved, and there was a general finding in favor of the defendants, and the plaintiff's action dismissed. From this judgment the plaintiff has appealed.

The plantiff contends that, as the land so levied upon is a part of the government homestead, it is not liable in

satisfaction of this claim which originated prior to the issuing of the patent. The Revised Statutes of the United States (Rev. St. U. S. 1878, sec. 2296) provides: "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." It appears that this statute has been construed by the federal courts. The circuit court of appeals of the district of Colorado decided in *Brun v. Mann,* 151 Fed. 145, 12 L. R. A. n. s. 154: "The exemption of lands acquired under the homestead laws and the timber culture laws (2 U. S. Comp. St. 1901, pp. 1534, 1535; Act March 4, 1896, c. 40, sec. 4, 20 Stat. 113, 114; 2 U. S. Comp. St. 1901, p. 1398, sec. 2296; Act May 20, 1862, c. 75, sec. 4, 12 Stat. 393) from any 'debt contracted' previous to their acquisition does not exempt them from liabilities for the torts of the entrymen previously perpetrated." In the opinion it is said:

"Congress exempted the lands which it practically donated to the entryman under the homestead and timber culture acts from any debt contracted previously by the patentees, but from no other liabilities. The terms 'liability incurred' and 'debt contracted' are equally familiar. When the subject of liabilities is brought to the attention, they occur to the mind with equal readiness, and when contrasted their significations are clear and definite. If an act provided that lands should be exempt from every liability incurred, there could be no doubt that they would be free from all liabilities. * * * These terms and their meanings could not have failed to occur to those who drafted, or to those who passed, the acts of congress under consideration, and their rejection of the familiar and broad term 'liability incurred' and their selection and adoption of the limited expression 'debt contracted' is a demonstration that they had no purpose to exempt the lands they gave from liability for the wrongs which the patentees might have perpetrated, and that they in-

tended to free it from the debts which sprang from their agreements only."

This construction of the law has been cited with approval by the supreme court of the United States in *Doran v. Kennedy,* 237 U. S. 362. In *Best v. Zutavern,* 53 Neb. 604, "A judgment for alimony in favor of a wife, rendered in an action for divorce, is a lien on the family homestead, the title whereof is in the husband." But that point is perhaps not important in this case, because the homestead under our state law does not exceed 160 acres of land, and the record in this case shows that the quarter section of land on which the plaintiff resides was not included in this levy. But the decision in that case and other decisions of this court are that the liability for alimony is not a contract liability. And it follows that a government homestead is not exempt from a judgment for alimony of a divorced wife. It is said in the brief that, as this judgment was rendered before the defendant therein acquired title to the land levied upon, the judgment could not then have been made a lien upon the land, but no reason is suggested why after acquired property not exempt may not become liable when acquired.

The defendant also relies upon a former judgment of the district court enjoining a levy to satisfy this claim as a bar in this case. It appears that an attempt was made to levy a former execution upon the improvements, consisting of a dwelling house and other improvements of this plaintiff upon that part of the land which was occupied as a home. An action was begun in the district court to enjoin the levy and sale of those improvements. The petition alleged that the improvements in question were so constructed and placed that they had become and were a part of the real estate, and that the defendant therein, the plaintiff in this case, had not yet made his final proof under the homestead laws of the United States, so that as real estate the improvements were not subject to levy. A temporary injunction was allowed, which was afterwards made permanent. The court found that the allegations

of the petition were true. It does not appear from the pleadings and proof in this case that the matter determined in the former action is essentially involved in this proceeding. The trial court was therefore right in not considering the former decree as a bar in this, case.

It follows that the land levied upon herein is liable for the satisfaction of the judgment, and the judgment of the district court is

AFFIRMED.

HAMER, J., dissents as to the third paragraph of the syllabus, on the ground that the point therein determined is not involved in this case.