M. H. LYNCH, Appellant, v. BARNEY KATHMANN et al., Appellees.

CONTRACTS: Legality of Object and Consideration—Unlawful Practice of Profession—Recovery for Services—Physicians and Surgeons. *Recovery may not be had for services which constitute a crime.* More concretely, when the practice of a vocation or profession is punishable by fine or imprisonment unless certain specified statutory conditions are first complied with, one who assumes to practice without strictly complying with all such conditions may not recover for his services, even though he possessed high qualifications, acted in good faith, and was even misled by a public officer, in attempting to comply with said conditions.

PRINCIPLE APPLIED: Plaintiff brought action to recover for medical services admittedly rendered to defendant. When the services were rendered, the practice of medicine, etc., was an indictable misdemeanor unless the one practicing had first secured from the state board of medical examiners a certificate of authorization and filed the same in the office of the *county recorder* of the county where he resided. Section 2576 *et. seq.*, Code, 1897. Prior to the rendition of the services, plaintiff had secured the required certificate, but, by mistake, had filed it in the office of the *clerk of the district court* of the county where he resided, the clerk having informed him that such filing was in full compliance with the law.

*Held,* plaintiff may not recover, even though he possessed high qualifications, personally acted in good faith, and was misled by the said clerk.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

MONDAY, JUNE 25, 1917.

ACTION to recover on account for medical services. Defendants plead that plaintiff had failed to record his certificate in the office of the county recorder. Judgment for defendants for costs. Plaintiff appeals.—*Affirmed.*

*Reynolds & Meyers* and *Douglas Rogers,* for appellant.

*L. H. Salinger,* for appellees.

STEVENS, J.—Plaintiff alleges in his petition that he is a regularly qualified, licensed and practicing physician and surgeon in Carroll County, Iowa; that, during the time between September 7, 1913, and December 29, 1914, he rendered professional services to the defendants of the reasonable value of $361, and asks judgment therefor. The defendants answered in two counts, admitting that plaintiff rendered services, and, in Count 2 of their answer, pleaded as a special defense that, notwithstanding the fact that plaintiff was a regularly licensed physician and surgeon, he had not caused his certificate to be recorded in the office of the county recorder of Carroll County, as required by Section 2577 of the Code, and that he cannot maintain the action.

CONTRACTS:
legality of object and consideration: unlawful practice of profession: recovery for services: physicians and surgeons.

Plaintiff demurred to Count 2 of defendants' answer, upon the ground that the facts stated did not constitute a defense to plaintiff's petition. The demurrer was overruled, and plaintiff filed a reply, in substance alleging that the state board of medical examiners of the state of Iowa, after due examination, issued to plaintiff a certificate authorizing him to practice as a physician and surgeon in the state of Iowa, which, on the second day of August, 1911, he caused to be recorded in the office of the clerk of the district court of Carroll County, Iowa, in a book in said office entitled "Register of Physicians and Midwives," and that said registration was in full compliance with the laws of the state of Iowa with reference to the recording and registering of said certificate; that he was informed by the clerk that said registration was in full compliance with the laws of the state of Iowa with reference to the recording and registering of said certificate; and that he believed and relied on said information.

The defendant demurred to plaintiff's reply upon substantially the same grounds as to his petition. The demurrer was sustained, to which ruling of the court the plaintiff duly excepted. Plaintiff thereupon elected to stand on his pleadings, and refused to plead further, whereupon his petition was dismissed, and judgment entered in favor of the defendants, as above stated.

I. Section 2576 of the Code authorizes the physicians of the state board of health, acting as a board of examiners, to examine candidates for certificates to practice medicine in the state of Iowa, and also to prescribe what examination shall be required of such candidate, and authorizes five members of the board to issue a certificate to such candidates as shall have passed the required examination.

Section 2577 of the Code provides that the holder of a certificate issued by the board of examiners "shall, before engaging in the practice of medicine, file the same for record in the office of the recorder of the county in which he resides, *  *  *"

Section 2580 of the Code, so far as material to this case, is as follows:

"Any person who  *  *  *  shall practice medicine, surgery or obstetrics in the state without first having obtained and *filed for record the certificate* herein required, and who is not embraced in any of the exceptions contained in this chapter  *  *  *  is guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than $300, nor more than $500, and costs of prosecution, and shall stand committed to the county jail until such fine is paid."

All of the states have enacted laws prescribing the qualifications of applicants and the conditions upon which certificates to practice medicine shall be issued to such applicants, and regulating the practice of medicine. The constitutionality of such statutes has been tested in various states, but, so far as we are able to find, all reasonable con-

ditions and regulations have been uniformly sustained by the courts. That the state may determine what acts constitute practice as a physician, and may impose conditions on the exercise of that privilege, was held in *State v. Mosher*, 78 Iowa 321, *State v. Bair*, 112 Iowa 466, *State v. Corwin*, 151 Iowa 420.

No statutes of this state are assailed upon this appeal, but it is argued on behalf of appellant that a certificate was issued to him by the state board of medical examiners, and that he attempted in good faith to comply with the laws requiring the recording thereof, by filing the same for record in the office of the clerk of the district court, and that he believed he had fully complied therewith and was entitled to practice medicine. The foregoing statutes require the holder of a certificate to practice medicine, before engaging in the practice thereof, to cause such certificate to be filed for record in the office of the county recorder, and that same be recorded by the county recorder in a book kept for that purpose. The same section requires that the record thereof shall be open for public inspection. Section 2580 makes it an indictable misdemeanor for anyone to engage in the practice of medicine in this state without first having obtained and filed a certificate for record in the office of the county recorder, as required by Section 2577. The language of the statute is: "Without having first *obtained* and *filed* for record the certificate herein required."

The obtaining and recording of the certificate are conditions precedent to his right to engage in the practice of medicine. He cannot lawfully do so until he has complied with the laws and regulations enacted by the legislature of the state for the regulation of the practice of medicine. The requirements of the statute that, before engaging in the practice of medicine, a certificate must first be obtained and filed by every person attempting to practice medicine

in the state of Iowa, are mandatory, and no right exists in favor of anyone to so engage in the practice of medicine until he has complied with all the requirements of the statute. Not only are these statutes mandatory in character, but they are founded upon principles of sound public policy. They are not intended to interfere with the right of any person to adopt and follow any lawful vocation which he may choose, but only to require that, before engaging to deal with the public in matters of such grave importance as the practice of medicine, he shall first satisfy the proper authorities of his qualifications, and comply with the conditions required by law to be performed by him before engaging in the practice of this profession. Statutes prescribing the qualifications for the practice of medicine and regulating the practice thereof are not alone for the protection of the public, but as well for the protection of the members of the medical profession. It affords them protection against the fraudulent schemes and practices of incompetent, dishonest and designing quacks, who seek to impose upon the credulity of the people and thereby tend to destroy the high character and aim of the profession and bring it into disrepute. It was said by Justice Field, in *Dent v. State of West Virginia*, 129 U. S. 114.

"Few professions require more careful preparation by one who seeks to enter it than that of medicine. It has to deal with all those subtle and mysterious influences upon which health and life depend; and requires not only a knowledge of the properties of vegetable and mineral substances, but of the human body in all its complicated parts, and their relation to each other, as well as their influence upon the mind. * * * Due consideration, therefore, for the protection of society may well induce the state to exclude from practice those who have not such a license, or who are found upon examination not to be fully qualified. The same reasons which control in imposing conditions upon

compliance with which the physician is allowed to practice in the first instance, may call for further conditions as new modes of treating disease are discovered, or a more thorough acquaintance is obtained of the remedial properties of vegetable and mineral substances, or a more accurate knowledge is acquired of the human system and of the agencies by which it is affected."

The purpose of causing the certificate to be recorded is, evidently, to give full publicity to the fact that the holder has passed the required examination and possesses the requisite qualifications and is deemed worthy by the board of medical examiners to practice medicine in the state of Iowa, and to provide a convenient method of apprising the public thereof. This would seem to be a reasonable regulation. The record of such certificate is, by special provision of statute, open to public inspection. No restrictions shall be placed by the custodian of such record upon the right of the public to examine and inspect the same. The question is not one of good faith on the part of the holder of the certificate, but of conformity to conditions imposed by the legislature upon the holder thereof, which must be complied with by him before he is authorized by law to practice medicine.

Appellant was required to file his certificate in the office of the county recorder before engaging in the practice of medicine. He failed to do this, not because he sought to evade the law, but on account of a misapprehension as to the proper office in which to file the same. It also appears that the misunderstanding of the clerk of the district court misled him; but these matters in no sense tend to legally excuse him from complying fully with the statute, before commencing the practice of medicine.

II. Having failed to comply with the law requiring him to file his certificate for record in the office of the county recorder, can he maintain this action for the value

of the services rendered? It will be observed that the statute makes it an indictable misdemeanor to engage in the practice of medicine *"without having first obtained and filed a certificate."* The certificate must be obtained from the state board of medical examiners and filed in the office of the county recorder. The purpose and object of requiring the recording of the certificate can only be met by having the same recorded in the office designated by law. As before stated, the statute is mandatory, and a severe penalty is imposed upon its violation. It was said, in *Fox v. Dixon,* 12 N. Y. Supp. 267, wherein a physician sought to recover compensation for services rendered, without having first obtained the certificate required by statute:

"It is a settled principle that one cannot recover compensation for doing an act to do which is forbidden by law, and is a misdemeanor. The contrary rule would make an absurdity. It would permit one to hire another to commit a misdemeanor, and would compel the payment of the contract price for doing what the law forbids. Whether this statute is wise or not, we cannot examine. It is enacted in the interest of the health of the public, to prevent incompetent persons from practicing as physicians. We must give effect to it. And we cannot permit a recovery of compensation for doing an act which this statute declares to be a misdemeanor."

Deciding a case similar to the one at bar, the Supreme Court of Tennessee, in *Haworth v. Montgomery,* 18 S. W. 399, said:

"This section requires that 'every person holding a certificate from the state board of medical examiners or the county court clerk shall have it recorded in the office of the county court clerk in which he resides, and the date of record shall be indorsed thereon. Until such record is made, the holder of such certificate shall not exercise any of the rights or privileges therein conferred to practice

medicine.' In view, therefore, of the plain provision of this section, it cannot matter what the character of her 'temporary license' was, inasmuch as it was not recorded. The contract sued upon was one expressly prohibited by the statute. Where a statute has for its manifest purpose the promotion of some object of public policy, and prohibits the carrying on of a profession, occupation, trade, or business, except in compliance with the statute, a contract made in violation of such statute cannot be enforced. This is familiar law, and the judgment must be affirmed."

The statute in the above case differs somewhat from the statute of this state. The former provides that, until the record is made of the certificate, the holder thereof "shall not exercise any of the rights or privileges therein conferred to practice medicine;" whereas our statute provides that "he shall, before engaging in the practice of medicine, file the same for record in the office of the recorder of the county in which he resides." Perhaps the restrictions of the Tennessee statute are more forcibly expressed, but the meaning and purport of the two statutes is not essentially different.

The Supreme Court of Texas, in *Wickes-Nease v. Watts*, 70 S. W. 1001, applying the following statute, "If any person shall hereafter engage in the practice of medicine in any of its branches or departments for pay, or as a regular practitioner, without having first filed for record with the clerk of the district court in the county in which such person may reside or sojourn, a certificate from some authorized board of medical examiners, or a diploma from some accredited medical college, he shall be punished as prescribed in Article 438," to a case in which the plaintiff held a certificate to practice, but which he had failed to record, held that plaintiff could not recover, saying:

"However great the hardship following the law applicable to the facts in this case may be to a man who is

an honor to and is honored by his profession, this court is without power to relieve him from it, but must, in obedience to the law, which governs courts as well as litigants, reverse the judgment of the county court."

The decision of the Nebraska case cited by appellant is based upon a statute which provides specifically that a physician is not entitled to recover compensation for services rendered before complying with the requirements of the statute, and is, therefore, not helpful in this case.

The only case which we have found holding contrary to the doctrine of the foregoing cases is *Riley v. Collins*, (Colo.) 64 Pac. 1052. In the latter case, the court construed a statute of the state of Colorado. The language of the Colorado statute is as follows:

"Every person holding a certificate from the state board of medical examiners should have it recorded in the office of the clerk of the county in which he resides, * * *" but no penalty was provided for the failure to record the certificate. The court did not hold the provision of the statute to be mandatory, and gave effect to another section of the general statutes of Colorado, which provided that the issuance of the certificate by the state board "shall be conclusive as to the rights of the lawful holder of the same to practice medicine in this state."

Stewart on Legal Medicine, Section 27, says:

"It is necessary that a physician should be qualified to practice in accordance with the statutes of the state where he resides in order to successfully maintain an action for his fees." See also 30 Cyc. 1593.

The holding of some of the authorities cited by appellant is quite persuasive, but none bear a very close analogy to the one at bar, and, if the doctrine therein laid down tends to support the claim of appellee, it is contrary to the holding of all of the courts which we have been able to find

upon the question at issue. It may be that appellees are morally bound to pay for the services rendered by appellant, and the rule which deprives appellant of the right to maintain an action therefor may be a harsh one, but, as was said by the Supreme Court of Indiana, in *Hedderich v. State,* 1 N. E. 47:

"Whether a statute is or is not a reasonable one is a legislative and not a judicial question. Whether a statute does or does not unjustly deprive the citizen of natural rights, is a question for the legislature, and not the courts. There is no certain standard for determining what are or are not the natural rights of the citizen. The legislature is just as capable of determining the question as the courts. Men's opinions as to what constitute natural rights greatly differ, and if courts should assume the function of revising the acts of the legislature on the ground that they invaded natural rights, a conflict would arise which could never end, for there is no standard by which the question could be finally determined."

As has been well said by Judge Cooley:

"The judiciary can only arrest the execution of a statute when it conflicts with the Constitution. It cannot run a race of opinions upon points of right, reason, and expediency with the lawmaking power."

But this court is not disposed to find fault with the statute. It is in line with the statutes of most, if not all, of the states of the Union. It therefore necessarily follows that the judgment of the lower court must be, and is,— *Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.