E. B. RADER, Appellant, v. GEORGE ELLIOTT, Appellee.

CONTRACTS: Legality of Object and Consideration—Unlawful
1 Practice of Profession—Recovery for Services—Physicians and Surgeons. *Recovery may not be had for services which constitute a crime.* More concretely, when the practice of a vocation or profession is punishable by fine or imprisonment unless certain specified statutory conditions are first complied with, one who assumes to practice, without strictly complying with all such conditions, may not recover for his services, even though he possesses high qualifications and acts in perfect good faith.

PRINCIPLE APPLIED: Plaintiff brought action to recover for services in vaccinating defendant's hogs. Plaintiff had publicly advertised himself as a veterinary surgeon, and defendant employed him in the belief that he was such, and the services were rendered by defendant *as a purported veterinary surgeon.* Plaintiff diagnosed the ailment of the hogs to be something other than cholera, and administered medicine. He later diagnosed and concluded that the ailment was cholera. He then vaccinated. At this time, plaintiff had taken an examination before the State Board of Veterinary Medical Examiners, as required by law, and had been orally assured by members of the board that a license to practice would be issued to him, and it was so issued about a month *subsequent* to the vaccination of the hogs. Under Section 2538-1, Code Supple-

ment, 1913, it is an indictable misdemeanor to practice veterinary medicine, etc., without a license from said state examiners.

*Held*, plaintiff might not recover for said services, even though he possessed high qualifications and had personally acted in good faith.

CONTRACTS:     Legality   of   Object   and   Consideration—Partial Illegality—Effect—Physicians and Surgeons.  He who performs services in such a manner as to go beyond that which is legal, and to embrace that which is criminal, may not expect the court to sever the criminal acts from the non-criminal acts and grant him a recovery.  The poison of criminality inseparably permeates the whole.

PRINCIPLE APPLIED:     Plaintiff brought action to recover for services rendered in vaccinating defendant's hogs with hog cholera serum.  He had publicly *advertised* himself as a veterinarian, was *employed* as a veterinarian, *diagnosed* the ailment of the hogs as a veterinarian, and *treated* the hogs as a veterinarian.     He possessed no certificate from the State Board of Veterinary Medical Examiners authorizing him to practice veterinary medicine, etc.   This lack of a certificate rendered him indictable under Section 2538-l, Code Supplement, 1913.

When the services were rendered, Section 2538-w5, Code Supplement, 1913, authorized anyone to administer hog cholera serum, provided he had taken a special course of instruction and had been granted a permit, as required by law.   Plaintiff, prior to rendering the services, had taken such course of instruction and had received said permit.   Had he not assumed to act *as a veterinarian*, his right to recover would have been unquestioned.

*Held*, recovery was not authorized, because the court could not separate the criminal acts from the lawful acts.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

TUESDAY, JUNE 26, 1917.

REHEARING DENIED, SATURDAY, SEPTEMBER 29, 1917.

ACTION at law to recover $318 for services rendered to the defendant by plaintiff in the vaccination of hogs. It was alleged that such was the agreed value of the services. The defendant admitted the services, but denied the value thereof. He further averred that, at the time of his employment of the plaintiff, such plaintiff professed to be a veterinary surgeon, duly authorized to practice as such, and that the defendant employed him as such; that all the services performed by plaintiff for defendant were in pursuance of such employment as a supposed veterinary; that in truth the plaintiff had not at that time received from the state board of examiners any certificate authorizing him to practice as such veterinary; that the plaintiff did so practice in violation of the law; that his contract of employment with the defendant was in violation of the law on his part, the defendant believing him to be duly authorized.

The trial court submitted to the jury the question of fact whether the services rendered by the plaintiff for which compensation is claimed were so rendered by him as a purported veterinary, and instructed that, if the affirmative were found on such question of fact, the verdict should be for the defendant. The verdict was for the defendant. From the judgment entered thereon, the plaintiff has appealed.—*Affirmed.*

*Milton Remley,* for appellant.

*Dutcher, Davis & Hambrecht,* for appellee.

EVANS, J.—Some time prior to July 13, 1914, the plaintiff located at Oxford, Iowa, and publicly advertised himself as a veterinary surgeon. The defendant, a farmer, relying upon the advertisement, called the plaintiff as a veterinary to examine his hogs, some of which were sick. The plaintiff came on July

1. CONTRACTS: legality of object and consideration: unlawful practice of profession: recovery for services: physicians and surgeons.

13th, and examined the hogs and diagnosed their ailments and administered medicine. He diagnosed the ailment at that time as something other than cholera, but the treatment was not successful. On July 22d, he made a further diagnosis, and declared the ailment to be cholera. At plaintiff's request, he proceeded to treat the hogs for cholera by means of vaccination with virus and serum. He told the plaintiff that the expense would be at the rate of $15 per bottle of serum used. About 21 bottles were used. The treatment was only partially successful, the mortality being very great. At the time this service was rendered, the plaintiff had no lawful right to practice as a veterinary in the state of Iowa. Section 2538-i, Code Supplement, 1913, specifies the preliminary conditions which must be complied with before any person is authorized to practice as a veterinary within this state. These conditions require an examination of the applicant by the state board of examiners, the payment of a $15 fee, the issuance of a certificate or license signed by the members of the board, the recording of such license in the county where the applicant proposes to practice, and the payment of the recording fee. By the provisions of Section 2538-l, Code Supplement, 1913, it is made a misdemeanor for any person to practice as a veterinary before such conditions have been complied with.

For the plaintiff, it is put forward that, prior to July 13th, he had taken the examination before the board of medical examiners; that he had been orally informed by some of the examiners that he would receive a license; that the license was subsequently issued, on September 1, 1914. Whether it was ever recorded does not appear. By reason of the foregoing, it is urged that plaintiff acted in good faith, and that the issuance of a license on September 1st, pursuant to an examination had prior to July 12th, was evidence of his qualification as of the date of such examination. However, it must be said that the good faith of

the plaintiff cannot be accepted as a substitute for the express requirements of the statute. Nor will it suffice the plaintiff to show that he had in fact the qualifications of a veterinary. In a legal sense, he was not a veterinary, nor was he authorized to practice as a veterinary nor to advertise himself as such until he had received his license and recorded the same. It necessarily follows as a legal consequence that he was not entitled to recover for services rendered as a veterinary. This legal proposition is conceded by the plaintiff, and we need not cite authorities thereto.

2. CONTRACTS: legality of object and consideration: partial illegality: effect: physicians and surgeons.

However, it is further urged for the plaintiff that the services for which he sues were not rendered by him as a veterinary; that the administration of virus and serum for the treatment of cholera is a special service recognized by the statute, and may be performed by any person who shall obtain an appropriate permit from the state biological laboratory. The provisions of the statute thus relied on are found in Section 2538-w5, Code Supplement, 1913. This section provides generally that no person shall use such materials who shall not have first taken a course of "special instruction in reference to such use," to the satisfaction of the director of the laboratory, who shall thereupon issue a permit to such person. The plaintiff had taken such course and had received from the director of the laboratory a permit. He contends, therefore, that he was authorized under such permit to vaccinate the defendant's hogs, regardless of the question of his authority to practice as a veterinary. If the act of the plaintiff in administering the virus and serum could stand severed and independent of his attempted practice as a veterinary, there would be much force in his position. Unlawful acts frequently, if not usually, include as a part of the scheme of conduct acts which, standing alone, would be

lawful.   This joining of the unlawful with the lawful does not forbid the consideration of such lawful acts as a part of the greater whole.   The carrying out of an unlawful conspiracy usually involves the doing of many acts which of themselves would be lawful and harmless.   As parts of a conspiracy, even lawful acts become unlawful.   Granting, in the case at bar, that a person not a veterinary could lawfully administer the virus and serum treatment upon cholera hogs under permit from the director of the laboratory, it does not necessarily follow that the act of plaintiff in doing so under the circumstances here appearing was lawful. It is also true that even a veterinary may not administer this treatment without a permit from the director of the laboratory.   Such permit will also be dependent upon previous special instruction on the subject.   Such special instruction being had and permit issued, a veterinary may include such treatment in his veterinary work.   Manifestly, such a veterinary must be deemed, by reason of his learning and experience, to be especially suitable for administering such treatment.   This is so particularly because proper diagnosis is a necessary condition to successful treatment.   A permit from the director of the laboratory to use the virus and serum does not confer authority upon such permit holder to assume to diagnose the ailments of animals.   This work is within the domain of the veterinary. No patron would wish to administer the virus and serum treatment without first being assured of a proper diagnosis of the ailment by a competent veterinary.   Before selecting any person to administer the treatment, he would want first to know from competent diagnosis that the treatment was necessary.   Naturally, therefore, he might prefer to select a veterinary who was competent both to diagnose and to administer treatment.   We think it clear that a veterinary who assumed to diagnose an ailment as cholera, and who then assumed to administer the virus and serum

treatment therefor, should be deemed to be practicing as a veterinary both in the diagnosis and in the treatment. This is the precise attitude assumed by the plaintiff. He assumed to act as a veterinary in the diagnosis of the ailment, and he proceeded to treat the same under the same assumption. From the evidence in this record, it cannot be assumed that the defendant would have employed him at all, either for diagnosis or for treatment, if he had known that he was not authorized to practice as a veterinary. The provisions of the statute which were violated by the plaintiff were intended for the protection of the defendant and others similarly situated, and in the making of his defense he has only availed himself of the protection thus intended.

On the evidence in this record, there is little room for claiming that the acts of the plaintiff in administering the treatment are severable from his acts of diagnosis and practice as a veterinary. There was an essential unity between diagnosis and treatment, both of which were changed in the course of his efforts to serve the defendant. Nevertheless, the trial court submitted the question to the jury as a question of fact whether the plaintiff purported to act as a veterinary surgeon in administering the treatment in question. The finding of the jury could not well have been otherwise. The record fully sustains the verdict. The judgment below is therefore—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.