BERTHA MILLER, Appellee, v. CITY OF ELDON, Appellant.

**APPEAL AND ERROR:** Presence of Facts Justifies Exclusion of 1 Opinion. Receiving an opinion from one party on a certain matter and rejecting the opinion of the other party on the same matter is harmless error, when the illuminating facts bearing on the matter in controversy are fully before the jury. So held as to whether a party had his team under control.

**DAMAGES:** Services Rendered by Unlicensed Practitioner. One 2 injured by actionable negligence may recover of the wrongdoer such reasonable sum as has, in good faith, been paid for necessary medical services, *even though the practitioner was unlicensed,* and therefore practicing in violation of law.

*Appeal from Wapello District Court.*—C. W. VERMILION, Judge.

JANUARY 23, 1919.

PLAINTIFF alleged in her petition that a team of horses, which she was driving upon one of the streets of defendant city, became frightened at an excavation and some obstructions in the street, causing her to be thrown from the buggy and severely injured, her buggy to be broken and damaged, and one of the horses so injured that it had to be killed. There was judgment upon the verdict of the jury in her favor for $1,000, and defendant appeals.—*Affirmed.*

*Adelbert Christie* and *Merrill C. Gilmore,* for appellant.

*Jaques & Jaques,* for appellee.

STEVENS, J.—I.   But two questions are argued by counsel for appellant.   Plaintiff was permitted to testify that she approached the obstruction in the street with her horses under control.   Counsel for defendant sought to offer testimony of witnesses who saw the accident that, in their opinion, she did not, at said time, have the team under control, but that it was running away.   Numerous witnesses called on behalf of defendant testified fully and minutely to the appearance of the team at the time, and after it had passed the obstructions, and described the efforts of plaintiff to stop and control the horses.   From the details shown, the jury was in a position to determine whether the team was under the control of the driver, or whether the same was running away at the time it approached the scene of the accident, as accurately as the witnesses who were present and saw the occurrence.   If it were conceded that the court committed error in the respect claimed, we are unable to perceive wherein the defendant was prejudiced thereby.

1. APPEAL AND ERROR: presence of facts justifies exclusion of opinion.

II.   Included in the items of damages for which plaintiff sought recovery was $100 for medical services alleged to have been rendered her by a chiropractor, who, it is conced-

ed, was not authorized to practice medicine

**2. DAMAGES:** in the state of Iowa. Plaintiff paid for the
services ren-
dered by un- services rendered before this action was
licensed prac-
titioner. commenced. Defendant objected to the evi-
dence offered to prove this item, and re-
quested the court to withdraw the same from the jury. The
court, however, overruled the objection and motion to with-
draw same, and permitted plaintiff to recover therefor. De-
fendant complains of this ruling of the court, and seeks a
reversal on account thereof.

It is true we held, in *Lynch v. Kathmann*, 180 Iowa
607, that a person not authorized to practice medicine in
this state cannot recover for alleged medical services ren-
dered by him. See, also, *Rader v. Elliott*, 181 Iowa 156.
But, so far as the record discloses, plaintiff employed the
chiropractor and paid her for the services rendered in good
faith. Having done so, she was entitled to recover the rea-
sonable value thereof. *Dixon v. Bell*, 1 Starkie's Rep. 287;
*Mueller v. Kuhn*, 59 Ill. App. 353; *City of Chicago v. Hon-
ey*, 10 Ill. App. 535, 538; *Klein v. Thompson*, 19 Ohio St.
569; *Ohio & M. R. W. Co. v. Dickerson*, 59 Ind. 317; *Hous-
ton & T. C. R. Co. v. Gerald*, 60 Tex. Civ. App. 151 (128 S.
W. 166); *San Antonio St. R. Co. v. Muth*, 7 Tex. Civ. App.
443 (27 S. W. 752); *Lester v. Howard Bank*, 33 Md. 558
(3 Am. Rep. 211); *Cheuvront v. Horner*, 62 W. Va. 476 (59
S. E. 964).

It follows that the judgment of the court below must
be—*Affirmed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.