ARTHUR A. WENSLEY, APPELLANT, v. WILLIAM H. GODBY, RESPONDENT.

Submitted January 6, 1925.__Decided April 15, 1925.

Chapter 141 of the laws of 1921, which regulates real estate brokers, under the police power of the state, and prohibits any person from engaging in the business of real estate brokerage without a license, clearly contemplates the carrying on of a business by the licensee and its prohibition does not apply to a single transaction in which one not engaged in the business is specially employed to act for another, either in selling or renting a house for the owner, or for acting in like manner for the purchaser or tenant.

On appeal from the District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *William P. Hurley.*

For the respondent, *Howard Isherwood.*

The opinion of the court was delivered by

LLOYD, J. This appeal involves the right of one who is not a licensed real estate broker to recover a commission agreed upon in writing for services in effecting a sale of real estate where the transaction is an isolated one, and where the evidence fails to prove that such a person is engaged in the business. The licensing of real estate brokers seems to have been a common practice in the various states, in some for purposes of revenue only, in others as a matter of regulation under the police power. Our own act of 1921 (*Pamph. L., p.* 370) seems to contemplate a regulation of the business presumably under the police power of the state. Its title is "An act to define, regulate and license real estate brokers," &c., and in its first section makes it "unlawful for any person * * * to engage, either directly or indirectly, in the business of a real estate broker * * * without first obtaining a license"

under the act. By the second section a real estate broker is defined to be "any person  *   *   *   who for compensation, valuable consideration or commission, sells or offers for sale, buys or offers to buy, or negotiates purchase, sale or exchange of real estate, or leases or rents, or offers to lease or rent, real estate for others."

It seems clear to us that the statute contemplates only the carrying on of a business. For this purpose it is comprehensive, covering the many activities of the ordinary real estate broker. The doing or offering to do for others (language of the act) indicates a holding out as one engaged in the business rather than one who, not engaged in the business, performs an individual and isolated service for another. It can hardly be thought that the legislature intended to make unlawful the simple act of selling or renting of a house by one specially employed by the owner, or for acting in like manner on behalf of a purchaser or a tenant. The language is not more indicative of such a purpose than is the Corporation act in forbidding foreign corporations "transacting any business in any manner whatsoever, directly or indirectly, in the state, without first having obtained authority therefor" (*Comp. Stat., p.* 1659, § 100), which has been held not to forbid a single and isolated transaction. *D. and H. Canal Co.* v. *Mahlenbrock,* 63 *N. J. L.* 281. A reference to other sections of the act of 1921 will make clear that engaging in a business is what is intended. Section 7 requires the applicant to attest his qualifications as a real estate broker by giving in his application for license the times and places of his residence and of the time he has been engaged in the real estate business, if any. Section 8 requires him to have a place of business. In the case cited it was held that an isolated sale does not come within the prohibition of the statute pertaining to foreign corporations, and the analogy between that statute and the one in the case under consideration is obvious. Both are enacted to protect the people of this state from injury, the one under the state's sovereign right, the other under its police powers. The language used is substantially the same, and the strong reasoning of Mr. Justice

Depue (in the case cited) applies with equal force to both. See, also, 9 *C. J.* 566. We think, therefore, a proper construction of the act of 1921 does not invoke its application to an individual contract of brokerage, there being no evidence that the appellant was engaged in the business generally, or that the contract in question was part of a course of similar transactions.

Whether the statute in requiring the license to do business generally is constitutional, or whether, if constitutional in this respect, the legislature may lawfully prohibit the making of an individual contract of brokerage by one not engaged in the business, are, in view of our construction of the act, questions not necessary to decide.

The judgment appealed from will be reversed.