BAEHR-SHIVE REALTY COMPANY, a Partnership, Appellee, v. STONER-McCRAY SYSTEM, a Corporation. et al., Appellants.

No. 43248.

June 19, 1936.

Stipp, Perry, Bannister & Starzinger, for appellee.

Gillespie & Moody, for appellants.

HAMILTON, J. Appellant's first complaint is lodged against the action of the trial court in overruling its motion to direct a verdict, based on the ground that the evidence failed to show that the plaintiff was the inducing cause or procuring cause resulting in the leasing of the premises, that the prospective lessee produced by plaintiff was a certain person by the name of Elman, whereas the premises were leased to "Roosevelt Theater Corporation," and that this brings the case within the rule announced in Murray v. Keenan, 191 Iowa 998, 183 N. W. 491, that where the lease was not made to the individual produced but was made to a partnership of which such individual was a member, the broker was not entitled to compensation. The

weakness and fatal defect in the appellant's attempt to logically apply this rule to the facts in this case is that the evidence shows that the Roosevelt Theater Corporation at the time the lease was entered into was not yet incorporated, and had no legal existence and was nothing but a trade name at that time, but was later incorporated, and that the lessee was in fact Sam Elman, who signed said lease as president of the Roosevelt Theater Corporation. The evidence shows that Sam Elman had no interest whatever in the Roosevelt Theater Corporation as finally incorporated. It is true that there is evidence in the record that one Will Freeman, whose father-in-law was a brother of Sam Elman, represented to the defendant that he was personally interested in the project and interceded in behalf of Sam Elman, who lived next door to Freeman, and materially assisted in inducing the defendant to finally lease the premises to Elman. The defendant contends strenuously that he would not have leased the premises to Elman, and that he thought he was leasing the premises to a corporation in which Freeman was interested, and that he was looking to Freeman to see that the contract was carried out and the theater conducted in a proper manner. The evidence shows however, that Freeman had no stock in the corporation as finally organized. Freeman himself says that he never told the defendant that the Roosevelt company was incorporated, and the evidence further shows that through the influence of Freeman, Stoner had been induced and was preparing to lease the premises to Elman before the Roosevelt Theater Corporation was mentioned. There is no dispute that in the first instance Sam Elman was introduced to the defendant as a prospective lessee of the premises, and there were negotiations begun, looking toward the leasing of the premises to said Elman. This was followed up by several calls over the telephone on the part of plaintiff's employees, the last call being on the very day that the premises were leased, and on that day the defendant said he was not ready to close the deal with Elman. There is sufficient dispute in the evidence, taking into consideration the fact that the premises were actually leased to Elman who signed the lease "Roosevelt Theater Corporation, by Sam Elman, President," and was thereby personally bound, and that the Roosevelt Theater Corporation was not incorporated for several months thereafter, to present a jury question.

Appellant also assigns as error the refusal of the court

to permit a witness on cross-examination to relate the whole of a conversation, a part of which had been given in evidence by the witness on direct examination, citing Section 11272 of the Code of 1935, which provides:

"When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other. * * *"

The testimony related to a conversation had between Sam Elman, plaintiff's witness, and one Freeman, to the effect that Elman had told Freeman that appellant was not very much interested in Elman, and requested Freeman to intercede in his behalf. On cross-examination, the court refused to allow the witness to testify as to what he told Freeman concerning appellant's refusal to lease the premises to Elman. In this we are inclined to the belief that the court was in error. However, it is plainly evident that it resulted in no prejudice to the defendant for the same matter was gone into and fully covered by other witnesses. Furthermore, regardless of what was said in reference to this subject, the premises were in fact leased to Elman, Elman himself personally putting up the money to guarantee that the equipment placed in the building would be paid for.

**** The third error complained of relates to the exclusion of the testimony as to what real estate brokers' compensation was generally when they worked by the day. The objection was to the effect that there had been no contract of employment to work by the day and no showing that the customary manner of hiring real estate brokers was on a per diem basis, and therefore the testimony sought to be elicited was incompetent and immaterial. The question asked was in the following form:

"Q. Did real estate agents sometime here in Des Moines perform real estate services by the day?" This was objected to and objection sustained. "Q. And do you know what a fair and reasonable and the usual value of charges were for their services per day?" Objection to this was likewise sustained.

We think the objection was properly sustained. The question to be determined by the jury was the value of the services rendered by the plaintiff in this case based on quantum meruit. The question to be competent must relate to the fair and reason-

able value of the services rendered by the plaintiff in the case on trial. The fair inference to be drawn from all the testimony is that the ordinary, usual and customary method of employment was on a commission basis.

■■■ The fourth and final error assigned is based on the overruling of the 11th ground of appellant's motion for a directed verdict, which was as follows:

"11. That the pleadings and proof failed to allege or show that plaintiff was a duly licensed broker or salesman at the time the alleged cause of action arose," citing Section 1905-c44, Codes 1931, 1935, which recite:

"No person, copartnership or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this state shall bring or maintain any action in the courts of this state for the collection of compensation for any services performed as a real estate broker or salesman without alleging and proving that such person, copartnership or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose."

There is no allegation in the petition that the plaintiff was a duly licensed real estate broker. The proof, however, which went in without objection was ample and conclusive that the plaintiff and its employees were all duly licensed in compliance with the statute. There was no attack upon the pleadings and no objection whatever to the testimony. The issue was voluntarily tendered by the evidence and was in no way refuted and was conclusively established. The question was in no way raised except by motion to direct verdict. The rule is recognized in this state that the parties may voluntarily present issues under the evidence, even though the pleadings present no such issues. Des Moines A. P. Company v. Lincoln Place Co., 201 Iowa 502, 207 N. W. 563. The petition did allege that the plaintiff, Baehr-Shive Realty Company is a partnership consisting of George R. Baehr and C. C. Shive, engaged in the real estate brokerage business in the city of Des Moines, Iowa, and this allegation was admitted in the answer. The defendant having permitted proof of the fact that plaintiff was a duly licensed broker without objection, and offered no evidence to refute the fact, having permitted the case to be tried on the theory that the

issue was properly before the court, could not raise the question on the pleadings by motion to direct a verdict. The plaintiff had proven its cause of action. Manifestly, the omission from the petition of the allegation as to license was a mere oversight, due to the newness of the statute. Orderly procedure, and a reasonable interpretation of our statutes on pleadings, should require the defendant to make use of some of the proper statutory methods of attack on pleadings where the defect, as in this case, was plainly apparent on the face of the petition, and was of such a nature that the same could easily have been corrected by amendment had defendant used the proper statutory method of motion in arrest of judgment. Sections 11554, 11557, Code of 1935. Enix v. Iowa Central R. R. Co., 114 Iowa 508, 87 N. W. 417; Austin Company v. Township of Weaver, 136 Iowa 709, 114 N. W. 189; McCarty's "Iowa Pleading, Principles and Forms", Chapter 16, page 230.

The case was properly submitted to the jury, which returned a verdict in favor of the plaintiff. There being no reversible error, the case must be and is affirmed.—Affirmed.

DONEGAN, C. J., and PARSONS, ANDERSON, MITCHELL, STIGER, and KINTZINGER, JJ., concur.