LEO NOLL, Appellant, v. IVAN MASTRUP, Appellee.

No. 46164.

OCTOBER 19, 1943.

Smith, Swift & Maloney, of Davenport, for appellant.

Martin F. McCarthy, Jr., of Davenport, for appellee.

OLIVER, J.—Appellant sued appellee for rent of land. Appellee admitted liability therefor and counterclaimed for various items. The only item here involved is:

Agreed fee due appellee for securing Charles S. Brady to purchase farm from appellant, $500.

It was stipulated that there was such oral agreement; that appellee procured the purchaser to whom the sale was made; that appellee was not by occupation a real-estate broker or salesman but was a farmer and a dealer in livestock; that the procuring of said purchaser by appellee was an isolated transaction; and that appellee was not licensed as a real-estate broker or salesman under chapter 91.2, Code of Iowa, 1939. Trial to the court resulted in judgment for appellee which included said $500 item.

Code section 1905.20, in said chapter, provides:

"It shall be unlawful for any person * * * to act as a real estate broker or real estate salesman, or to advertise or assume to act as such real estate broker or real estate salesman, without a license issued by the Iowa real estate commissioner."

Code section 1905.22 defines a salesman as one employed by a real-estate broker to perform some or all of the various acts therein listed. Appellee was not employed by a broker. Therefore, he was not a salesman as above defined.

Section 1905.23 provides the chapter shall not apply to certain persons. It makes no reference to isolated transactions.

Section 1905.41 provides no person engaged in the business or acting in the capacity of a real-estate broker may maintain an action for compensation for services performed as such without alleging and proving he was licensed at the time.

Section 1905.56 provides a person convicted of violating a provision of said chapter shall be fined not more than $500, or imprisoned not more than six months, or both.

Chapter 91.2 of the Code is a regulatory law as distinguished from a statute for revenue only. Appellee concedes that had he been acting as a broker as a regular business his failure to have procured a license thereunder would have barred

his right to recover. Richardson v. Brix, 94 Iowa 626, 63 N. W. 325; Baehr-Shive Realty Co. v. Stoner-McCray System, 221 Iowa 1186, 268 N. W. 53. See, also, Lynch v. Kathmann, 180 Iowa 607, 163 N. W. 408; Rader v. Elliott, 181 Iowa 156, 163 N. W. 406, which concern the practice of a profession rather than a business or vocation.

The question is whether a person engaged in other business, and not holding himself out as a real-estate broker, who acts as such on a single occasion but not as a regular business, is precluded from recovering compensation by reason of his failure to have procured a broker's license. In Blakeley v. Miller, 232 Iowa 980, 7 N. W. 2d 11, this court considered some of the penal provisions of the chapter. However, we have not passed upon the precise question now before us.

In 8 Am. Jur. 1077, section 155, and 12 C. J. S. 155, 156, section 67, it is stated, upon authorities there cited, that most brokers' statutes do not apply to a single transaction or isolated case of this character. (A few statutes, unlike those of this state are, in direct words or in substance, made applicable to single transactions.) Annotations 30 A. L. R. 858, 42 A. L. R. 1230, and 118 A. L. R. 657, cite many decisions upon the proposition. Among such cases are Kolb v. Burkhardt, 148 Md. 539, 129 A. 670; Wensley v. Godby, 101 N. J. Law 325, 128 A. 590; Morris v. O'Neill, 239 Mich. 663, 215 N. W. 8; Woods v. Heron, 229 Pa. 625, 78 A. 1128.

Some of the decisions holding such statutes inapplicable to a single or isolated transaction by one engaged in a different business and not holding himself out as a real-estate broker reason that the statutes are designed to regulate a vocation or partial vocation and one transaction by such person does not usually constitute engaging in such vocation or business. That reason appears sound. We hold a broker's license was not a prerequisite to a recovery by appellee, under the circumstances of this case.—Affirmed.

All JUSTICES concur.