**NATIONAL STAFFING CONSULTANTS,
INC., Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3706.**

District of Columbia Court of Appeals.

Argued June 7, 1965.

Decided July 8, 1965.

James I. Burkhardt, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

National Staffing Consultants, Inc. appeals from conviction of the charge of owning and operating an employment agency for a consideration without having obtained a license therefor. 47 D.C.Code 1961, § 2101 et seq.

The facts are not in dispute. Appellant, incorporated under the laws of the District of Columbia, is a business consulting firm engaged in numerous business activities, including the conduct of professional and semi-professional career opportunity centers held in hotels here and elsewhere. Its only clients are corporations for which it sponsors these centers which representatives of the corporations attend to meet and discuss with individuals also present the prospects of employment in certain executive capacities. The only remuneration received by appellant for its services is the agreed contract price paid prior to the holding of the career centers by each corporate client without regard to their success in hiring persons attending. A prospective employee at no time pays a fee, neither at the time he attends nor in the event he is subsequently hired as a result of attending.

Based upon these facts the trial court held that appellant was a "private employment agency" within the statutory definition and had violated the law by failing to procure a license prior to operation. This appeal ensued.

Appellant principally contends that the statute in question was not meant to cover its type of business. This presents, for this jurisdiction, a question of first impression. Section 47–2101(a) of the Code defines a "private employment agency" as follows:

"* * * [A]ny business, enterprise, or undertaking that procures, offers to procure, promises to procure, attempts to procure, or aids in procuring, either directly or indirectly, help or employment for another, for any fee, remuneration, profit, or any consideration whatsoever, promises, paid, or re-

ceived therefor, either directly or indirectly. It shall also include domestic, commercial, clerical, executive, professional, and general employment bureaus * * *."

Statutes like the one before us, providing that no person shall operate an employment agency without first obtaining a license and providing that violation of the statute is a misdemeanor, are penal in nature. Saks Theatrical Agency v. Mentine, 48 A.2d 644, 645, 24 N.J.Misc. 332 (N.J. 1946). Penal statutes must be strictly construed against the Government. Copper Plumbing & Heating Co. v. Campbell, 110 U.S.App.D.C. 177, 290 F.2d 368 (1961); Nelson v. United States, 109 U.S.App.D.C. 392, 288 F.2d 376 (1961).

In Heyman v. Howell, Sp.Sess., 133 N.Y. S.2d 19 (1954), the defendants were charged with violating a similar law requiring a license to conduct an employment agency in New York City. Like appellant, the defendants were engaged principally in activities of management consulting and executive recruiting; they charged the employer, not the employee, a fee for their services; and they did not advertise or solicit the public at large but circularized people or organizations in certain fields of endeavor. The court there held that "[t]he primary purpose of the statute in question * * * is to regulate employment agencies *for the protection of the applicant for work* against many possible abuses. * * *" [Emphasis added.] Id. at 21. The New York court then held that defendants were not within the act.

We are of the opinion from a reasonable consideration of the pertinent provisions and sections of the statute before us that it was not intended by the law to encompass the business activities of appellant under its stipulated practices here outlined. The primary objective of Congress was to furnish by careful supervision and regulation protection of *individual* applicants seeking employment through unscrupulous

private agencies from many possible abuses in that area. It did not contemplate bringing within its coverage a bureau of the character operated by appellant. None of the evils which the law seeks to cure are found in the business activities followed by appellant. We hold that appellant does not conduct a "private employment" agency within the definitions contained in Section 47–2101(a) of the Code.

Moreover, Section 47–2109 of the same statute excepts "any bureau * * * where no fee is charged." As no fee, remuneration or consideration of any kind is paid by or received from the individuals interested in meeting possible future corporate employers at the career centers arranged for the benefit of the latter by appellant, appellant qualifies as an exception to the requirement for a license.

Accordingly, the conviction of appellant for failure to obtain a license in order to do business in this jurisdiction as an employment agency is reversed and the trial court is directed to set aside the judgment of conviction and to enter an acquittal.

Reversed.