February 23, 1895, and the only question is as to the account after that date. It is well settled that notice of dissolution is necessary to affect persons who have dealt with a firm; that one who withdraws must give notice to them, or he is liable for their subsequent dealings with the firm if they were ignorant of such withdrawal. Austin v. Holland, 69 N. Y. 571; Howell v. Adams, 68 N. Y. 314; Bank v. Herz, 89 N. Y. 629; Rolling-Mill Co. v. Harris, 124 N. Y. 280, 26 N. E. 541; Frankel v. Wathen, 58 Hun, 543, 12 N. Y. Supp. 591; 17 Am. & Eng. Enc. Law, 1122; Bates, Partn. §§ 611, 890; Colly. Partn. (6th Ed., by Wood) 163, note. Where persons join together and assume a name under which they do business and incur liabilities, they become jointly liable for any indebtedness thus incurred, and each continues liable so long as he remains a member, and until he notifies the creditors thereof of his withdrawal therefrom. Park v. Simmons, 10 Hun, 128. The appellant was, therefore, bound to prove that the cards were mailed prior to March 16, 1895, when the account closed; and there is not a particle of evidence, except by inference of the most unsatisfactory kind, as to when the mailing was done. If the defendant had proved that a postal card informing it of the alleged change in business had been mailed to the plaintiff about February 23, 1895, when Stewart claims to have sold out his interest, a presumption of notice would have been created. This the plaintiff would have been bound to rebut, and, if rebutted, the question whether the notice reached the plaintiff would have become one of fact for the jury. Austin v. Holland, supra; Beakes v. Da Cunha, 126 N. Y. 293, 27 N. E. 251; Hastings v. Insurance Co., 138 N. Y. 473, 34 N. E. 289. The defense of notice was one which the appellant, in order to limit his liability, was bound to establish; and, as the time of giving the notice was an all-important feature of the defense, he should have proved the date of the alleged mailing, that the issue raised might have gone to the jury for determination. In the absence of such proof, the trial justice properly directed a verdict in favor of plaintiff. As error cannot be presumed, but must appear by the record (Hughes v. Hughes, 10 Misc. Rep. 180, 183, 30 N. Y. Supp. 937), and it does not so appear, the judgment must be affirmed, with costs. All concur.

---

(20 Misc. Rep. 100.)

## DONNELLY v. COWEN.

(Supreme Court, Appellate Term. April 26, 1897.)

CONTRIBUTORY NEGLIGENCE—OBSTRUCTIONS ON SIDEWALK.

It is not contributory negligence, as matter of law, for a person walking along the street not to observe a nail protruding from a plank lying on the sidewalk.

Appeal from First district court.

Action by John J. Donnelly against Charles A. Cowen for personal injuries. There was a judgment in favor of plaintiff for $269.16, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frank V. Johnson, for appellant.
Sidney J. Cowen, for respondent.

DALY, P. J. The accident which is the subject of this action occurred upon a temporary sidewalk bridge used by the workmen who were engaged in constructing a building on the premises 708 Broadway, owned by one Mela. A plank with a nail protruding from it was negligently left on the bridge, and the plaintiff, who was a walking delegate, or business agent, of a labor organization, while passing along the bridge stepped upon the nail, and sustained a severe and painful injury. The plank was lying three or four feet south of an opening which afforded access to the building from the bridge in front of it, and was such as is customarily used as a fender or guard to protect passengers from falling from the bridge into the area of the building. It was customary to put up this guard at night and take it down in the morning. It is unnecessary to consider whether the fact that the permit for the construction of this bridge was issued to the defendant by the municipal authorities does or does not render him liable, nor whether the fact that the bridge was actually constructed by another and independent contractor, having no relation with the defendant, affects such liability, since the injury for which the plaintiff sues was not the result of any defect in the construction of the bridge, but of the negligent manner in which it was used by some other party or parties in the progress of the work. The question in this case is one of fact; that is, whether the employés of the defendant negligently left the plank in the place in which it lay when the plaintiff stepped upon it. There was sufficient proof to warrant the finding of the justice that the negligence in this case was that of defendant's workmen. There were but two classes of employés doing work upon the building on the day of the accident,—those employed by the iron contractors, and those by the defendant, who was the mason contractor. It was customary for the laborers to come first in the morning, and prepare for the entrance of the skilled workmen to the building by removing the guards to the opening. There were no laborers employed that day, except by the defendant, and the fair inference from the whole testimony is that the guard or fender in question had been removed by them that morning from the opening leading from the bridge to the building. The evidence is not conclusive upon that point. There is room for conjecture that the ironworkers may have knocked off the plank, because there is proof that they sometimes did so. But from the customary manner of doing the work, the weight of evidence seems to show that the employés of the mason were the parties in fault. This is not the case of a failure to remove a temporary obstruction from the bridge, but of the negligent act of an employé in placing such obstruction there. In such case the question of notice to the employer is immaterial. As to the quality of the act, it was undoubtedly negligent to leave the plank, with a nail protruding from it, upon the temporary bridge or sidewalk to be used by passers-by; and, on the question of contributory negligence, it cannot be said, as a matter of law, that a foot passenger was bound to have observed a wire nail protruding from a

plank at his feet, nor that it was negligent to walk close to the side of the bridge where the plank lay.

Judgment affirmed, with costs.    All concur.