[No. 6661. Decided June 29, 1907.]

A. G. LAMPE, *Respondent*, v. ANTHONY JACOBSEN, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—COLLISION WITH AUTOMOBILE —NEGLIGENCE—QUESTIONS FOR JURY. In an action for injuries sustained by a pedestrian in a collision with an automobile at a street crossing in the business center of a city, the questions of negligence and contributory negligence are for the jury, where the evidence is conflicting as to the speed of the automobile, whether it could have been stopped in time, and as to the distance from the sidewalk to the place of the accident.

CONTINUANCE—PLEADING—AMENDMENT AT TRIAL—SURPRISE—DISCRETION. In an action for injuries sustained by a pedestrian in a collision with an automobile, it is not an abuse of discretion to refuse a continuance upon allowing a trial amendment to the complaint to show that the machine was driven by defendant's servant instead of by defendant, and to show that the driving was "negligent" in addition to being "wilful," where, on application for continuance by defendant on the ground of surprise, no showing was made that defendant could not safely go to trial.

Appeal from a judgment of the superior court for King county, Morris, J., entered October 19, 1906, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action for personal injuries. Affirmed.

[1]Reported in 90 Pac. 654.

*Granger & Magill*, for appellant, to the point that the plaintiff was guilty of contributory negligence, cited: *Newark Passenger R. Co. v. Block*, 55 N. J. L. 605, 27 Atl. 1067, 22 L. R. A. 374; *McGee v. Consolidated St. R. Co.*, 102 Mich. 107, 60 N. W. 293, 47 Am. St. 507, 26 L. R. A. 300; *Christensen v. Union Trunk Line*, 6 Wash. 75, 32 Pac. 1018; *Enk v. Brooklyn City R. Co.*, 45 N. Y. 627, 19 N. Y. Supp. 130; *McQuade v. Metropolitan St. R. Co.*, 17 Misc. 154, 39 N. Y. Supp. 335; *Doller v. Union R. Co.*, 7 App. Div. 283, 39 N. Y. Supp. 770; *Kelly v. Hendrie*, 26 Mich. 255.

*H. E. Foster*, for respondent.

Root, J.—This is an action for damages for personal injuries, occasioned by a collision between plaintiff and an automobile driven by a servant of appellant. From a judgment for $1,000 in favor of plaintiff, this appeal is prosecuted.

While there is much conflict in the evidence as to certain details, yet the substantial facts were about these: Plaintiff was on the sidewalk on the east side of First avenue, at its intersection with Marion street, in the city of Seattle. First avenue runs north and south, or approximately so. He walked north along the sidewalk some twenty or thirty feet from the corner, and then stepped into the street and started in a northwesterly direction diagonally across First avenue. After taking a few steps from the sidewalk, he was struck by defendant's automobile, which was going in a northerly or northeasterly direction. The evidence varies as to the distance plaintiff had traveled after leaving the sidewalk. Some of defendant's witnesses stated it to be four or five steps. Some of plaintiff's thought it a little more. One said he had nearly reached the street car track near the center of the street. Some fixed the distance from the edge of the sidewalk as four or five feet. Others as ten or twelve. One witness thought it about thirty. There was also a difference in the evidence as to the distance from the sidewalk of the approaching automobile. Some fixed the distance as four or five feet, and others

said that it was a greater distance, some saying it was near the car tracks. There was also a conflict as to the speed of the automobile, the driver thereof fixing it at four or five miles an hour, while others placed it as high as ten or twelve. A city ordinance limited the speed to eight miles per hour. Respondent claims that there was no horn sounded or other warning given of the approach of the automobile, and in this he is corroborated by several witnesses. The chauffeur testified that he sounded the horn when approaching Marion street which crosses First avenue a short distance south of where the accident occurred. He says that plaintiff walked directly in front of his machine, and he did not see him until within four or five feet, and it was then too late to stop. Another of defendant's witnesses testified that he was experienced in the handling of automobiles, and that such a machine, driven at the rate of six miles an hour, could be stopped within a distance of six inches.

First avenue, at the place where this collision occurred, runs through the business portion of the city, and is commonly occupied by large numbers of pedestrians. At the street crossings there is no difference in the pavement from that which extends the full distance of the blocks between the crossings, and it is customary for people to walk across the street at any place. The evidence of the witnesses for both parties shows that there was no obstruction in the street between the point where plaintiff stepped from the sidewalk and the place where the automobile was at that time. One witness testified that the chauffeur could have seen plaintiff at least for six or eight paces before his machine struck him. Plaintiff testifies that, as he started from the corner of the street, he looked up and down, but saw no automobile; that he then walked along a few steps and started across the street, his attention at that time being upon three street cars, one going in one direction and two in the other, upon two parallel tracks near the middle of the street, and that he did not see or hear the automobile until it struck him.

The evidence was also conflicting as to the effect of the collision. Several witnesses stated that the plaintiff was knocked or pushed by the automobile some five or six feet before the latter came to a stop. Others testified that it stopped almost instantly after the collision. It seemed to be conceded that, when it came to a stop, one of the front wheels was upon the body of plaintiff, while the opposite rear wheel was against one of his legs. He was taken from under the machine in an unconscious condition.

Appellant contends that there was not sufficient evidence to go to the jury upon the question of defendant's negligence, and also urges strenuously that the evidence shows contributory negligence on the part of the plaintiff. The operation of an automobile upon the crowded streets of a city necessitates exceeding carefulness on the part of the driver. Moving quietly as it does, without the noise which accompanies the movements of a street car or other ordinary heavy vehicle, it is necessary that caution should be continuously exercised to avoid collisions with pedestrians unaware of its approach. The speed should be limited, warnings of approach given, and skill and care in its management so exercised as to anticipate such collisions as the nature of the machine and the locality might suggest as liable to occur in the absence of such precautions. The pedestrian, also, must use such care as an ordinarily prudent man would use under like circumstances. As before stated, there was much conflict as to the details of the occurrence which resulted in plaintiff's injury; but we think there was ample testimony to go to the jury upon the questions of defendant's negligence and plaintiff's contributory negligence, and that the record is such that we cannot disturb the jury's conclusions thereupon.

In the complaint as first filed it was alleged that the horseless carriage was being driven by defendant. Upon the trial, plaintiff asked and was given permission to amend his complaint so as to allege that said machine was driven by the said defendant "by and through his servants and agents then

in the line of duty of said servants and agents." It was first
alleged that the machine was run "recklessly, wantonly, and
wilfully on and over this plaintiff." Upon the trial the words
"and negligently" were permitted to be inserted after the
word "wilfully," and other portions of the complaint were
amended to correspond. Defendant excepted to the allow-
ance of these amendments, and asked for a continuance on ac-
count of their being permitted, but made no showing to the
effect that he could not safely go on with the trial. The ap-
plication for a continuance was denied, and this action of the
trial court is alleged as error. The granting of amendments
and continuances is largely a matter of discretion with the
trial court, and in the absence of abuse will not be reviewed
here. In the light of the facts revealed by this record we do
not think the trial court abused its discretion.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, DUNBAR, RUDKIN,
and CROW, JJ., concur.