[No. 8770. Department Two. December 2, 1910.]

FRANCES R. BROWN *et al., Respondents,* v. CHESTER THORNE, *Appellant.*[1]

TRIAL—VERDICTS—SPECIAL VERDICTS—INCONSISTENCY. In an action for injuries sustained through the fright of plaintiff's horse on the approach of an automobile, a general verdict is not inconsistent with special findings in that the latter did not determine the specific cause of the horse's fright; it being immaterial whether the noise, excessive speed, or sudden appearance was the cause.

HIGHWAYS—AUTOMOBILES—NEGLIGENCE—FAILING TO STOP. Negligence in failing to stop an automobile, upon signal by the driver of a horse that had taken fright, is sufficient to sustain a verdict for the plaintiff, even though the other grounds of negligence were not made out.

[1]Reported in 111 Pac. 1047.

SAME—NEGLIGENCE—NOISES. The right to operate an automobile carries the right to make the usual noises incident thereto.

SAME—NEGLIGENCE—FAILING TO STOP—PRESUMPTION. Where a horse has been excited and became unmanageable, it is the duty of the operator of an automobile to stop the machine, as it is presumed to be always under control.

SAME—NOTICE OF ROAD. The driver of an automobile must take notice of the road, and it is his duty to stop on signal, if he can without accident, when requested to do so by the driver of a horse not under control.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 20, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by the driver of a horse which was frightened by defendant's automobile. Affirmed.

*Fred Llewellyn* and *Hayden & Langhorne*, for appellant.

*Anthony M. Arntson*, for respondents.

CHADWICK, J.—On March 20, 1909, Frances R. Brown, one of the plaintiffs, and who will be hereafter referred to as "the plaintiff" in this case, had gotten into a buggy at a hitching post near Hall's store, East Fern Hill, in Pierce county. She was on what is known as Pacific avenue. Just as she got into the buggy, she saw an automobile, which proved to belong to the defendant, coming at right angles on what is known as the Wilson road. Hall's store faces Pacific avenue. The automobile, driven by defendant's chauffeur, swung around the corner and headed toward the plaintiff.. Her horse, which had never before shown unusual alarm at an automobile, became nervous. She stood up in the buggy, and she says, and the whole evidence seems to show, that she signaled the automobile to stop. She says she also called out to the driver, though her testimony is unsupported in this respect. Seeing, as she says, that the automobile was not going to stop, she got out of the buggy, took the horse by the lines, and as the automobile went by, the horse lunged across the street, pulling her down, and so bruising and maiming her and tearing

the pelvic organs peculiar to women, that she was compelled to undergo an operation which resulted in their removal.

Plaintiff alleges several items of negligence—the excessive speed, cutting out the muffler within the limits of an incorporated town, loud, explosive, and puffing sounds, and having control of the automobile, failure to stop in obedience to plaintiff's signal and call, it being apparent that she did not have control of her horse. The defense was a general denial, and an affirmative defense that plaintiff had handled her horse in an extremely careless and incautious manner, it being of a nervous disposition which was known to plaintiff. The jury returned a verdict in favor of the plaintiff, in the sum of $2,500. Defendant has appealed.

It is insisted that the verdict is inconsistent with several special verdicts returned by the jury, and that the evidence is insufficient to support the verdict. The following interrogatories, among others, were answered by the jury:

"No. 1. Can you say and find, under your oath, what it was that caused Mrs. Brown's horse to become frightened? Answer: Noise, appearance and excessive speed of an automobile on the 'Wilson Road.'

"No. 2. Was it the appearance of the automobile; was it the noises made by the automobile; or what was it that caused Mrs. Brown's horse to become frightened? Answer: Yes. Yes. Sudden appearance as it came into sight at high speed along 'Wilson Road,' and disconnecting and connecting power at short intervals at the time car turned the corner and later.

"No. 3. Do you find from the evidence that the muffler on said machine was cut out and disconnected at the time of the accident? Answer: No evidence."

It is insisted that the verdict cannot stand, because the special verdicts leave the cause of the horse's fright uncertain; that it may have been induced by any one of a half dozen causes, leaving the true cause open to conjecture, speculation, and theory. It can make no difference in law whether the horse became frightened at the appearance of the car, or at the noises made by the car, or the sounding of the horn be-

fore the turn was made into Pacific avenue from the Wilson road. These are all mere details. The fact remains—and the jury have so found it to be—that the horse was frightened, and so far as the evidence shows, would not have been frightened but for the presence of the automobile. We cannot presume that courts and juries are possessed of sufficient "horse sense" to determine whether the horse was indifferent to the speed and observant of the noise, or careless of the noise and alert to the sudden appearance of the automobile around the corner of the store building. About the same contention was made and met in *Indiana Springs Co. v. Brown*, 165 Ind. 465, 74 N. E. 615, 1 L. R. A. (N. S.) 238:

"Counsel for appellants argue that, since it is not shown by the complaint that defendant knew the cause of the fright of the plaintiff's horse, it fails to show negligence. Will any one seriously say that the driver of such an automobile, recently brought to the vicinity, may speed it at twenty miles an hour along the highway towards approaching harnessed horses, puffing and whirring so as to be heard several hundred yards away, and seeing a horse in front of him, hitched to a buggy, rearing, plunging and trying to bolt from the road without any other apparent cause, is justified in maintaining his speed because he does not know what it is that causes the horses fright?"

We find no inconsistency in the special verdicts.

It is further contended that there is no evidence to sustain the verdict. In discussing this feature of the case, appellant has discussed all of the charges of negligence save one; that is, the failure to observe the signal and call to stop. We have no hesitation in saying that the evidence was somewhat conflicting, that some of the charges of negligence were hardly made out, and that the jury would have been warranted in returning a verdict for the defendant. But where the complaint rests, not upon one, but several charges, it is enough that a case is made out on any one of them. That is to say, the case will not fail because one or more are not sustained by the evidence, so long as the evidence shows a sustained cause of action.

It is a rule of law that the right to operate an automobile carries with it the right to make the noises incident to its operation. *Eichman v. Buchheit*, 128 Wis. 385, 107 N. W. 325; *House v. Cramer*, 134 Iowa 374, 112 N. W. 3, 10 L. R. A. (N. S.) 655. But the rule without a proper limitation would be dangerous indeed, if not absolutely destructive of the rights of a driver of a vehicle drawn by horses. If the operator of a machine knows, or in the exercise of reasonable prudence ought to know, that his machine has excited a horse so as to make it unmanageable, it is his duty to stop the machine, for the presumption is that the machine is always under the control of its operator. *Shinkle v. McCullough*, 116 Ky. 960, 77 S. W. 196; *McIntyre v. Orner*, 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (N. S.) 1130; *Indiana Springs Co. v. Brown, supra*; *Christy v. Elliott*, 216 Ill. 31, 74 N. E. 1035, 108 Am. St. 196, 1 L. R. A. (N. S.) 215; *Ward v. Meredith*, 220 Ill. 66, 77 N. E. 118; *McCummins v. State*, 132 Wis. 236, 112 N. W. 25; Berry, Law of Automobiles, § 126; Huddy, Automobiles, ch. 11.

It is a further rule that a driver of a machine must take notice of the road. *Grant v. Armstrong*, 55 Wash. 365, 104 Pac. 632; *Lampe v. Jacobsen*, 46 Wash. 533, 90 Pac. 654; *Jones v. Hoge*, 47 Wash. 663, 92 Pac. 433, 125 Am. St. 915. And further that, if a driver is requested by signal or otherwise to stop, he shall not go further, unless such movement is necessary to avoid accident or injury, or unless the animal is under the control of its rider or driver. These rules have been recognized and written into the statutes of this state. Rem. & Bal. Code, § 5570. The court submitted the question of defendant's negligence upon the charge of failing to observe and act upon the signal and call, as well as the right of the defendant to use his judgment as to stopping immediately or passing beyond the horse before halting. This being enough to sustain the verdict, it is unnecessary to discuss the other charges of negligence.

The jury found for plaintiff upon the issues of fact, and finding no error in law, the judgment is affirmed.

RUDKIN, C. J., CROW, DUNBAR, and MORRIS, JJ., concur.