WILLIAMS, RESPONDENT, *v.* HAMPLE, APPELLANT.

(No. 4,747.)

(Submitted March 11, 1922. Decided March 27, 1922.)

[205 Pac. 829.]

*Personal Injuries—Street Crossings—Automobile Accidents— Contributory Negligence—Jury Question.*

Personal Injuries—Contributory Negligence—Matter of Defense.
1.   Unless, in a personal injury action, contributory negligence is inferable from plaintiff's evidence, it is a matter of defense to be established by a preponderance of the evidence.

Same—Street Crossings—Automobile Accident—Contributory Negligence— How Question Determinable.
2.   Whether a pedestrian, injured in a collision with an automobile in a city street at night during a rainstorm when apparently there were no vehicles upon the street, was guilty of contributory negligence when he was struck in crossing the street, depended upon a determination of the question whether he acted as a reasonably prudent and cautious person would have acted under like circumstances.

Same—Contributory Negligence—When Question of Law—When of Fact.
3.   If the issue of contributory negligence is a fairly disputed question of fact, it is for the jury's determination; but if the evidence is clear and convincing so that reasonable men cannot differ, the trial court should declare the result as a matter of law.

---

2.   On duty and liability of persons struck by automobile while crossing street at unusual place, or diagonally, see note in 14 A. L. R. 1176.

On duty of pedestrians to look out for automobiles, see notes in 4 Ann. Cas. 400; 3 L. R. A. (n. s.) 345; 20 L. R. A. (n. s.) 232; 38 L. R. A. (n. s.) 488; 42 L. R. A. (n. s.) 1179.

[62 Mont. 594.]

Same—Automobile Accident—Contributory Negligence—Question for Jury.
    4.   Where a pedestrian had safely crossed the side of the street on
    which defendant's automobile should have been in coming from the
    east, and had no reason to apprehend danger from one coming from
    that direction on the side he had yet to cross, he could not, as a
    matter of law, be held guilty of contributory negligence in proceed-
    ing to cross, and the question of his negligence was therefore prop-
    erly submitted to the jury.

*Appeals from District Court, Silver Bow County; Edwin
M. Lamb, Judge.*

ACTION by L. V. Williams against J. E. Hample. From
a judgment for plaintiff and an order denying his motion for
a new trial, defendant appeals. Affirmed.

*Messrs. Frank & Gaines,* for Appellant, submitted a brief;
*Mr. R. F. Gaines* argued the cause orally.

The evidence showed the existence of contributory negli-
gence as a matter of law barring recovery. We appreciate
the fact that in cases of collision between automobiles and
pedestrians, as well as in other actions involving elements of
negligence and contributory negligence, the general rule is
that these questions are for a jury to determine, but this
court has also said: ''Where the facts are undisputed and
are such that reasonable men can draw but one conclusion
from them, the only questions presented for decision are ques-
tions of law, and to that extent the case presents in effect
an agreed statement of facts.'' (*Conway* v. *Monidah Trust
Co.,* 52 Mont. 244, 157 Pac. 178.) And such a situation, we
submit, is present in the case at bar.

Cases where fact conditions are similar to those here pre-
sented are rare, but the rule of nonliability is well manifested
in the following: 2 R. C. L., Automobiles, pp. 1186, 1187;
*Harder* v. *Matthews,* 67 Wash. 487, 121 Pac. 983; *Zoltovski*
v. *Gzella,* 159 Mich. 620, 134 Am. St. Rep. 752, 26 L. R. A.
(n. s.) 435, 124 N. W. 527; *Harris* v. *Commercial Ice Co.,*
153 Pa. St. 278, 25 Atl. 1133; *Hannigan* v. *Wright,* 5 Penne.
(Del.) 537, 63 Atl. 234; *Larner* v. *New York Transp. Co.,*

133 N. Y. Supp. 743, 149 App. Div. 193; *McCormick* v. *Hesser,* 77 N. J. 173, 71 Atl. 55.

*Messrs. Maury & Melzner,* for Respondent, submitted a brief; *Mr. H. L. Maury* argued the cause orally.

Citing: *Raymond* v. *Hill,* 168 Cal. 473, 143 Pac. 743; *Thies* v. *Thomas,* 77 N. Y. Supp. 276; *Gregory* v. *Slaughter,* 124 Ky. 345, 124 Am. St. Rep. 402, 8 L. R. A. (n. s.) 1228, 99 S. W. 247.

MR. COMMISSIONER AYERS prepared the opinion for the court.

Plaintiff seeks to recover damages for personal injuries alleged to have been caused by the negligent driving of defendant's automobile upon and against him, by Allen Gordon, a chauffeur of defendant, while the said Gordon was acting within the scope of his service. The defendant's answer admits the ownership of the automobile in him, the service of Gordon, the collision of his automobile with plaintiff, the injury of plaintiff, and alleges that such injury was proximately caused by and due to the contributory fault and negligence of plaintiff. The allegation of contributory negligence is denied by the reply. No challenge of any pleading was made, either in the trial court or here. The trial was had in the district court of Silver Bow county, and resulted in a verdict for plaintiff, upon which judgment was entered. This appeal is from the judgment and from an order denying a new trial.

It was briefed and argued here that defendant's negligence consisted in his driving other than on the right side of the street, in his excessive rate of speed, and his failure to sound an alarm.

The testimony on behalf of plaintiff shows that the accident causing plaintiff's injury occurred about 11 o'clock on the night of August 20, 1918, on Granite Street, in the city of Butte; that defendant was traveling westerly on Granite

Street in a Cadillac automobile driven by his chauffeur; that it was raining "very hard" and had been for some time; that plaintiff came out of a garage on the north side of the street, looked up and down the street, saw nothing—however, he could see only about one-half block each way on account of the rain—and that he then proceeded south across the street on a run; that at the center of the street he was struck by defendant's car, thrown into the air, coming down on the hood of the car, rolled off on the fender and then on the street; that the car was traveling between thirty and thirty-five miles per hour; that it was muffled so as to make no noise and no alarm was sounded; that a street-car track was located in the center of the street and the street was of sufficient width for a driveway on each side of the track. The testimony then detailed the injuries of plaintiff and the damage he had suffered.

That this testimony established the injury and damage of plaintiff (injury, however, was admitted by the answer), and that the negligence of defendant was the proximate cause thereof, and that a *prima facie* case had been made, was inferentially admitted by defendant, for he did not move for a nonsuit, a dismissal, a judgment, nor ask for any other relief when plaintiff rested his case. Likewise, we must infer that defendant was mindful of the rule that contributory [1] negligence, unless it is to be inferred from plaintiff's testimony, is a matter of defense to be established by a preponderance of the evidence. (*Higley* v. *Gilmer*, 3 Mont. 90, 35 Am. Rep. 450; *Nelson* v. *City of Helena*, 16 Mont. 21, 39 Pac. 905; *Hunter* v. *Montana Cent. Ry. Co.*, 22 Mont. 525, 57 Pac. 140; *Howard* v. *Flathead Ind. Tel. Co.*, 49 Mont. 197, 141 Pac. 153; *Neilson* v. *Missoula Creamery Co.*, 59 Mont. 270, 196 Pac. 357; *Lampe* v. *Jacobsen*, 46 Wash. 533, 90 Pac. 654.)

Defendant's testimony is, in effect, that he was not traveling to exceed twenty miles per hour when the accident occurred and that he was pursuing a course on the north or right side

of the street. In other material matters it does not differ substantially from plaintiff's testimony. However, in some instances, it aids plaintiff's theory of negligence, for example: It discloses that the windshield was blurred by rain, so that only the outline of a pedestrian could be seen through it; that plaintiff rolled off the right fender of the car on to the street, landing in the middle of the street-car track.

At the close of the evidence, defendant moved for a directed [2] verdict upon the ground that plaintiff's own negligence proximately contributed to his injury. Under ordinary conditions, where a person receives injuries by an automobile, when he is crossing a street, mid-block, that would be the proper result, for it would seem that he was walking the street with closed eyes and inattentive mind—neglecting his own safety; but in the instant case we must consider the hour of night, the apparent absence of vehicles on the street, the rainstorm, and all of the existing conditions at the time of and immediately prior to the accident, in order to determine whether the plaintiff acted as a reasonably prudent and cautious man would act under like or similar circumstances, which is the test in a case of this character. (*Barbour* v. *Shebor*, 177 Ala. 304, 58 South. 276; *Ivy* v. *Marx*, 205 Ala. 60, 14 A. L. R. 1173, 87 South. 813; *Lampe* v. *Jacobsen*, 46 Wash. 533, 90 Pac. 654; *Hannigan* v. *Wright*, 5 Penne. (Del.) 537, 63 Atl. 234; *Simeone* v. *Lindsay*, 6 Penne. (Del.) 224, 65 Atl. 778; *Hennessey* v. *Taylor*, 189 Mass. 583, 4 Ann. Cas. 396, 3 L. R. A. (n. s.) 345, 76 N. E. 224; 28 Cyc. 28.) Applying this test to the testimony, we must conclude that [3] the issue of contributory negligence is a fairly disputed question of fact, and therefore necessary to be determined by a jury. The rule is that, if the issue of contributory negligence is a fairly disputed question of fact, it must be resolved by a jury; on the other hand, if the evidence is clear and convincing so that reasonable men of fair and unbiased minds cannot differ as to its effect, there is nothing for the jury to determine, and the trial court should declare the

result as a matter of law. (*Massey* v. *Seller*, 45 Or. 267, 77 Pac. 397; *Zvanovich* v. *Gagnon & Co.*, 45 Mont. 180, 122 Pac. 272; *Neilson* v. *Missoula Creamery Co., supra.*)

According to the testimony on behalf of plaintiff and the [4] physical facts, plaintiff had passed the line of danger of defendant's car—the driveway on the north side of the street—which was the only place to expect cars coming from the east. Contributory negligence cannot be imputed to him when, under the surrounding circumstances, he had no reason to apprehend danger (*Mahnken* v. *Monmouth County*, 62 N. J. L. 404, 41 Atl. 921; *Donnelly* v. *Cowen*, 20 Misc. Rep. 100, 45 N. Y. Supp. 71; *Texas & Pac. Tel. Co.* v. *Prince*, 36 Tex. Civ. App. 462, 82 S. W. 327; 29 Cyc. 514); and certainly he would have no reason to apprehend an automobile proceeding along the street on any other place than the right-hand driveway. Therefore, it cannot be held as a matter of law that he. was guilty of contributory negligence. The decision of the question was properly in the province of, and submitted to, a jury.

The only questions involved by this appeal are whether or not plaintiff established negligence on the part of defendant, proximately causing his injury; and, did the evidence show the existence of contributory negligence as a matter of law—both of which questions are herein considered and answered.

We recommend the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*