DES MOINES ASPHALT PAVING COMPANY, Appellant, v. LINCOLN PLACE COMPANY, Appellee.

**PRINCIPAL AND AGENT: Powers of Agent—Burden of Proof.** A defendant who meets an action of *quantum meruit* for the use of machinery with the defense that he used the machinery under a contract for an agreed rental, entered into with one of the employees of plaintiff, must *establish the authority* of the employee to enter into such contract.

**TRIAL: Instructions—Voluntary Nonpaper Issues—Sufficiency.** In an action to recover *quantum meruit* for the use of machinery, the court, in submitting defendant's nonpaper issue (acquiesced in by plaintiff) whether the use was under a contract for an *agreed* rental entered into with plaintiff's employee, must submit the question of the *authority* of the employee to enter into such a contract, there being evidence of the lack of such authority. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 268 *et seq.*)

**Headnote 1:** 2 C. J. p. 925.   **Headnote 2:** 38 Cyc. pp. 1616, 1617, 1698.

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

MARCH 9, 1926.

ACTION by the plaintiff, to recover for the use of a certain concrete mixer. The defendant denied liability, and interposed a counterclaim for certain material. The matters involved in the counterclaim were stipulated, and the sole question involved in this appeal is with regard to the instructions regarding re-

covery for the use of the concrete mixer. The jury returned a verdict in behalf of the defendant on its counterclaim, and the plaintiff appeals.—*Reversed.*

*Walter L. Stewart, George F. Malcolm,* and *N. L. Friedman,* for appellant.

*Charles Hutchinson,* for appellee.

FAVILLE, J.—In its petition appellant alleges that, on certain dates, appellee used certain machinery belonging to appellant. It alleges the fair and reasonable value of the use of said

1. PRINCIPAL AND AGENT: powers of agent: burden of proof.

machinery, and seeks recovery for the amount so alleged. Appellee, by answer, met this issue with a general denial. Appellant offered proof tending to show that appellee had used a certain concrete mixer belonging to appellant, and introduced evidence in regard to the fair and reasonable value of such use. Appellee offered its proof tending to show that it made an oral contract for the use of said mixer with one of the employees of appellant, at an agreed rental. The evidence tended to show that said employee had charge of said mixer for appellant, and that he had previously made a contract with appellee in behalf of appellant in regard to property of appellant. Appellant, in rebuttal, offered proof tending to show that the said employee of appellant had no authority from appellant to enter into a contract of the kind and character claimed by appellee. No change whatever was made in the pleadings. No requests for instructions were submitted by appellant.

Appellant contends that the court erred in not submitting to the jury, under proper instructions, the question of the authority of the employee of appellant to make the contract relied upon by appellee.

The court instructed the jury that appellant was entitled to recover the reasonable rental value of the mixer, unless the jury found that appellee had established a contract between the parties; that the burden of proof was upon appellee to establish the contract contended for by it; and that, if the jury found that appellee had established the contract, appellant would be

entitled to recover under the terms of the said contract only, and in that event, the jury should pay no attention to the evidence as to the reasonable rental value of the mixer.

There was no instruction given by the court on the question of the authority of the employee of appellant to enter into the contract relied upon by appellee.

Appellee, under its general denial, sought to avoid liability by offering proof of a specific contract which it claimed to have made with one of the employees of appellant.

Conceding, for the sake of the argument at this point, that appellee had a right to prove such a contract under a general denial, it was incumbent upon appellee to establish that the claimed contract which it contended was made with the employee of appellant was one which the said employee was authorized to make. The question of the sufficiency of the proof to establish such authority is not involved at this point; but, as a matter of law, it was necessary that the jury find that the employee of appellant did have authority, express or implied, to make the contract with appellee upon which appellee relied. Appellant, without any additional pleading, met the evidence of appellee in regard to the claimed contract with proof tending to show that the employee of appellant with whom appellee claimed the contract was made, had no authority to make such a contract. The parties, therefore, by their evidence submitted a voluntary issue, which issue was whether or not an authorized contract had been entered into. The instructions of the court

2. TRIAL: instruc-    made no reference to the question of the author-
tions: voluntary      ity of the employee in respect to the making of
nonpaper issues:
sufficiency.          the contract relied upon by appellee. The in-
structions at this point went no further than to advise the jury that, if it found that "a contract" had been entered into, it would govern. While the matter was not in issue by pleadings, the question of the authority of the employee to make the contract was squarely in issue under the evidence. Under the instructions as given by the court, the jury was only called upon to find whether or not a "contract" was made between the appellee and the employee of appellant, as claimed by appellee; but this left wholly out of consideration the question as to whether or not the employee of appellant had authority to make

the contract as claimed by appellee. The appellant would not be bound by such contract on the part of its employee if it was a wholly unauthorized contract. Inasmuch as the court undertook to submit to the jury the defense of appellee that it had a contract regarding the subject, made with one of the employees of appellant, in view of the contention of appellant that the contract as claimed by appellee was not within the scope of the authority of the employee, the court should have submitted the question of such authority to the jury. Under the instructions as given, we cannot hold that the jury was bound to have construed the word "contract," as used in the instructions, in its technical and legal sense, and to have understood that it was bound to find, not only that an agreement and understanding was entered into between the employee and appellee, but also that it was one which was authorized, and within the scope of the agency of the employee, and therefore binding upon appellant. It was an essential element, in the decision of the case as finally presented to the jury, that it should find whether or not the contract as claimed by appellee was within the scope and authority of the employee of appellant. The court erred in instructing the jury on its own motion in regard to the matter of the making of such a contract, without instructing the jury further on the question of the authority of the employee in making such contract, under the record in the case.

The amount of the verdict is not so indicative of the basis of the jury's finding as to show that the error complained of was without prejudice. We have recognized the rule in this state that, where voluntary issues are presented by the parties without sufficient pleading, the court should fairly present the question involved to the jury, and that, although there be no request made by counsel for instruction, it is still the duty of the court to so charge the jury concerning the law of the case that it shall have a clear and intelligent comprehension of what it is to decide. *Owen v. Owen*, 22 Iowa 270; *State v. Brainard*, 25 Iowa 572; *Seekel v. Norman*, 71 Iowa 264; *Overhouser v. American Cereal Co.*, 128 Iowa 580; *Capital City B. & P. Co. v. City of Des Moines*, 136 Iowa 243; *Freeby v. Town of Sibley*, 183 Iowa 827.

The judgment of the district court must be, and it is,— *Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.